UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LAMAR BURTON,

          Plaintiff,                            Case No. 1:21-cv-238

v.                                              Honorable Paul L. Maloney

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

          Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants MDOC, Jex, Oversmith, Davis, and Davids. The Court will also deny Plaintiff's motion for injunctive relief.

### Discussion

I.  **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan.  The events about which he complains occurred at that facility.  Plaintiff sues the MDOC and the following ICF employees:  Warden John Davids; Assistant Deputy Warden Unknown Davis; Resident Unit Manager Unknown Oversmith; Prisoner Counselor Matt Jex; and General Office Assistants D. Christiansen and Unknown Karber.

Plaintiff alleges that Defendants Karber and Christiansen, who both work in the ICF mailroom, opened and interfered with his legal mail on multiple occasions.  According to documents attached to the complaint, Plaintiff retained Excolo Law, PLLC to represent him in a civil rights action against MDOC staff related to an alleged assault on February 10, 2019.  (ECF No. 1-1, PageID.14–15.)  On March 2, 2020, Plaintiff received an opened letter from the Excolo Law during the general mail call.  The envelope was missing.  Plaintiff alleges that the letter was clearly legal mail and should not have been opened outside his presence.  He attaches an envelope from the law firm that he received in July 2020 that reads "***CONFIDENTIAL LEGAL MAIL*** The contents of this envelope is privileged legal mail, to be opened only in the presence of the addressee."  (ECF No. 1-1, PageID.27.)  Issues with the mail purportedly had a deleterious effect on the relationship between Plaintiff and Excolo Law.  According to a rejection letter attached to the complaint, the relationship between Plaintiff and Excolo Law dissolved. (ECF No. 1-1, PageID.19.)

After the dissolution of the relationship, Plaintiff wanted any documents that he sent the firm returned to him.  Apparently after waiting several weeks, Plaintiff had not received them, and Excolo Law sent the documents a second time.  Again, Plaintiff did not receive them,

2

and he presumably inquired about the status. The law firm replied via email that they had twice sent them and that he needed to contact his prisoner counselor for further information. On July 15, 2020, Plaintiff sent kites to Defendants Jex, Oversmith, Davis, and Davids reporting that he twice had not received legal mail that he expected, and he cited the law firm's email to confirm that the mail had been sent. On July 22, 2020, Plaintiff filed a grievance against Defendant Christiansen, which reported the issue. Defendant Karber responded and asserted that all legal mail is processed daily and appeared to suggest that any blame lay at the feet of the U.S. Postal Service. On July 26, 2020, Plaintiff received a letter sent by Excolo Law following up and appearing to state that the ICF mailroom had returned the package of documents sent by the firm. Three days later, on July 29, 2021, Plaintiff discussed with Defendant Oversmith his problems with the mailroom's handling of his legal mail. The complaint does not indicate whether Plaintiff ever received the documents sent by Excolo Law.

A few months later, on October 7, 2020, Defendant Karber rejected legal documents to Plaintiff by the law firm Salvatore Prescott Porter & Porter. Plaintiff alleges that the mail was clearly confidential legal mail. Defendant Karber apparently opened the envelope from the law firm, found pages with highlighting, and determined that the mail did not comply with general mail policies that prohibit highlighting on paper. The complaint and its attachments fail to indicate whether Defendant Karber identified the mail as legal mail after viewing and processing it. Plaintiff filed a grievance. In response, Defendant Christiansen asserted that the envelope from Salvatore Prescott Porter & Porter was not clearly marked as being from an attorney and that policy specifies that an enveloped marked as "legal mail" alone does not sufficiently indicate that it is from an attorney.

In the most recent incident, Plaintiff attempted to send a letter to the State Bar of Michigan's Attorney Referral Service on February 22, 2021. He requested that the ICF mailroom send the letter as legal mail presumably because he the contents specified that he was seeking representation for seven civil rights actions against personnel at the MDOC. Defendant Christiansen allegedly opened the envelope and rejected Plaintiff's request to send it as legal mail.

Plaintiff seeks declaratory and injunctive relief. He further seeks compensatory and punitive damages and costs.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Sovereign immunity

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich.*

5

*Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. Therefore, the Court dismisses the MDOC.

## IV.     Respondeat superior

Plaintiff fails to make specific factual allegations against Defendants Jex, Oversmith, Davis, and Davids, other than his claim that they failed to conduct an investigation in response to his grievances and kites. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Jex, Oversmith, Davis, and Davids engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

## V.     Legal Mail

The Sixth Circuit has held that prison regulations governing "legal" mail are subject to a heightened standard than those governing general mail. *See Sallier v. Brooks*, 343 F.3d 868, 873–74 (6th Cir. 2003) (finding that legal mail is entitled to a heightened level of protection to

6

avoid impinging on a prisoner's legal rights, the attorney-client privilege, and the right to access the courts). The ability of a prisoner "to receive materials of a legal nature" related to his legal rights and concerns itself implicates a fundamental right. *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996). Courts have therefore extended protections to prisoners' legal mail that do not exist for general mail. For example, although "prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security," *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993), "the opening of 'legal mail' should generally be in the inmate's presence . . . ." *Kensu*, 87 F.3d at 174 (citing *Wolff v. McDonnell*, 418 U.S. 539, 576–77 (1974)).

"[W]hat constitutes 'legal mail' is a question of law." *Sallier*, 343 F.3d at 871. "Mail from an attorney . . . is legal mail as a matter of law . . . ." *ACLU Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 643 (6th Cir. 2015) (citing *Sallier*, 343 F.3d at 877). This includes where the attorney does not have an established attorney-client relationship. *See id.* Similarly, "mail to a prisoner's attorney or a court relating to his or her legal claims constitutes 'legal mail.'" *Jones v. Caruso*, 569 F.3d 258, 268 (6th Cir. 2009). In contrast, "correspondence with the American Bar Association ('ABA'), county clerks, or registrars of deeds does not [constitute legal mail] because it generally 'd[oes] not contain confidential, personal or privileged material.'" *Id.* (quoting *Sallier*, 343 F.3d at 875–78). Moreover, the ABA, county clerks, and registrars of deeds are "not [] direct-services legal organization[s] and generally do[] not provide legal advice." *ACLU Fund of Mich.*, 796 F.3d at 643.

Upon initial review, the Court concludes that Plaintiff has sufficiently alleged facts to state a First Amendment claim of interference with his legal mail by Defendants Karber and Christiansen.

7

**VI.	Pending motion**

In addition to his complaint, Plaintiff filed a motion for injunctive relief. (ECF No. 5.)  Plaintiff's motion asks that "the Court hold . . . Defendants . . . accountable" for his injuries (*id.*, PageID.84), and thus clearly seeks relief upon judgment.  Plaintiff's motion is therefore premature, and the Court will deny the motion without prejudice.  Should Plaintiff prevail in the action, the Court will consider Plaintiff's request for injunctive relief without need for further motion.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants MDOC, Jex, Oversmith, Davis, and Davids will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will also deny Plaintiff's motion for injunctive relief.  Plaintiff's First Amendment legal mail claims against Defendants Karber and Christiansen remain in the case.

An order consistent with this opinion will be entered.


Dated:   August 25, 2021                                /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge